# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| GENARO RICHARD PERRY, | Case No.: 2:23-cv-00311-GMN-EJY |
| Petitioner | **Order Granting Motion to Dismiss** |
| v. | (ECF No. 25) |
| WARDEN GABRIELA NAJERA, et al., | |
| Respondents. | |

*Pro se* 28 U.S.C. § 2254 Habeas Corpus Petitioner Genaro Richard Perry challenges his conviction of several counts involving robbery and assault. (ECF No. 15.) He mainly argues that his trial counsel was ineffective in numerous ways. (*Id.*) Respondents move to dismiss three grounds in the Petition as noncognizable on federal habeas review and one ground as moot. (ECF No. 25.) Because claims of ineffective assistance of state postconviction counsel are noncognizable on federal habeas review and because ground 23 has been rendered moot, the Court grants the Motion.

**I.      Background**

In October 2015, Perry was convicted, pursuant to a bench trial, in Eighth Judicial District Court, Las Vegas, Nevada (Clark County), as follows: Count 1 - Robbery with Use of a Deadly Weapon; Count 2 – False Imprisonment; Count 3 –

Grand Larceny Auto; Count 4 – Assault with a Deadly Weapon; Count 5 – Coercion; Count 6 – Battery Causing Substantial Harm Constituting Domestic Violence; and Count 7 – Preventing or Dissuading Witness or Victim from Reporting Crime or Commencing Prosecution. (Exh. 64.)[1]  The case arose from an incident where Perry severely beat his ex-girlfriend, then held her at knifepoint for almost an hour while planning to kill her. He eventually took her car and left. (*See* Exh. 61 at 9-10.)  The state district court sentenced Perry to what amounted to an aggregate sentence of 8 to 28 years. (Exh. 76.)  Judgment of conviction was entered on January 22, 2016. (Exh. 78.)[2]  The Nevada Court of Appeals affirmed his conviction, affirmed the denial of his state postconviction habeas corpus petition, and affirmed the denial of his motion to correct/modify illegal sentence. (Exhs. 99, 176, 212.)

Perry dispatched his Federal Habeas Corpus Petition for mailing in February 2023. (ECF No. 15.)  He raises 19 claims of ineffective assistance of trial counsel, three claims that his state postconviction appellate counsel was ineffective, and he argues that the trial court erred by modifying his sentence. (ECF No. 15.)  Respondents now move to dismiss the following claims:

> Ground 20: State postconviction counsel was ineffective for failing to file a certificate of service with the petition to the district court to do fingerprint testing or DNA analysis.
>
> Ground 21: State postconviction counsel failed to cite to Nevada law to support petition for fingerprint analysis.

---

[1] Exhibits referenced in this order are exhibits to Respondents' Motion to Dismiss, ECF No. 25, and are found at ECF Nos. 21-24.

[2] In an amended judgment of conviction filed August 8, 2017, the court struck the language aggregating the sentences. Exh. 113.

2

>Ground 22: State postconviction counsel failed to cite to Nevada law in the appeal of the petition for DNA and fingerprint analysis.
>
>Ground 23: The state court erred by modifying his sentence.

(ECF Nos. 25,15 at 21-27.)[3]

## II. Legal Standards & Analysis

### a. Motion to Dismiss

**Claims of ineffective assistance of postconviction counsel are noncognizable**

Respondents move to dismiss grounds 20-22 because they are noncognizable claims of ineffective assistance of postconviction counsel. (ECF No. 25 at 9.) There is no right to counsel in state postconviction proceedings. *Pennsylvania v. Finley*, 481 U.S. 551, 555 (1987). Claims of error during state postconviction proceedings are not cognizable on federal habeas review. *Franzen v. Brinkman*, 877 F.2d 26, 26 (9th Cir. 1989) (per curiam). The Court therefore dismisses grounds 20, 21, and 22 because they are not cognizable on federal habeas review.

**Ground 23 is dismissed as moot**

Respondents also move to dismiss ground 23. Perry claims that the state district court erred when it entered the Amended Judgment of Conviction striking the aggregate sentence language. (ECF No. 15 at 24-37.) NRS 176.035(1) provides that the sentencing court pronounce an aggregate term for judgments of conviction for crimes committed after July 1, 2014. Because Perry committed his crimes in May 2014, the

---

[3] Perry was granted an extension of time to respond to the motion, but ultimately never responded. (*See* ECF Nos. 31, 36.)

aggregate language was extraneous. Therefore, the court entered an Amended Judgment of Conviction correcting the clerical error by striking the extraneous language. (Exh. 113.)  In any event, NRS 213.1212(5)[4] permits a prisoner in Perry's situation to choose to have his sentences aggregated, which Perry did. He has also been released on parole.[5] The Court therefore dismisses ground 23 as moot.

### b. Motion to Seal

Finally, Respondents have filed a Motion for Leave to File an Exhibit Under Seal. (ECF No. 26.)  While there is a presumption favoring public access to judicial filings and documents, *see Nixon v. Warner Communications, Inc.*, 435 U.S. 589, 597 (1978), a party seeking to seal a judicial record may overcome the presumption by demonstrating "compelling reasons" that outweigh the public policies favoring disclosure, *Kamakana v. City and County of Honolulu*, 447 F.3d 1172, 1178-79 (9th Cir. 2006) (citations omitted). In general, "compelling reasons" exist where the records may be used for improper purposes. *Id*. at 1179 (citing *Nixon*, 435 U.S. at 598).  Here, Respondents ask to file Perry's Presentence Investigation Report ("PSI") under seal because it is confidential under state law and contains sensitive information. (ECF No. 26.)  The Court has reviewed the PSI and concludes that Respondents have demonstrated compelling reasons to file the PSI under seal. Accordingly, the motion is granted, and the PSI will remain under seal.

---

[4] …[A] prisoner who is serving consecutive sentences which have not been aggregated may, by submitting a written request to the Director of the Department of Corrections, make an irrevocable election to have the sentences aggregated."

[5] The Court takes judicial notice of the inmate information on the Nevada Department of Corrections website, https://ofdsearch.doc.nv.gov/form.php, which reflects that Perry has been paroled.

### III. Conclusion

IT IS THEREFORE ORDERED that Respondents' Motion to Dismiss **(ECF No. 25) is GRANTED**.

- Grounds 20, 21, and 22 are DISMISSED as noncognizable on federal habeas review;
- Ground 23 is DISMISSED as moot.

IT IS FURTHER ORDERED that Respondents' Motion for Leave to File Exhibit under Seal **(ECF No. 26) is GRANTED**. The exhibit will remain under seal.

IT IS FURTHER ORDERED that Respondents have 60 days from the date of this order to file an answer to the remaining grounds in the Petition. The answer must contain all substantive and procedural arguments for all surviving grounds of the petition and comply with Rule 5 of the Rules Governing Proceedings in the United States District Courts under 28 U.S.C. § 2254.

IT IS FURTHER ORDERED that Petitioner will then have 45 days from the date of service of Respondents' answer to file a reply.

DATED: 31 July 2024.

_____
GLORIA M. NAVARRO
UNITED STATES DISTRICT JUDGE